## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

RICHARD LUCERO,
On behalf of himself and
All others similarly situated,

        Plaintiff,

vs.                                                                                     No. CIV 09-0532 JB/WDS

BUREAU OF COLLECTION RECOVERY, INC.,

        Defendant.

### AMENDED MEMORANDUM OPINION AND ORDER[1]

    **THIS MATTER** comes before the Court on Defendant Bureau of Collection Recovery Inc.'s Motion to Dismiss and Memorandum Brief in Support of its Motion to Dismiss Or, Alternatively, Motion for Summary Judgment, filed December 21, 2009 (Doc. 34). The Court held a hearing on May 7, 2010. The primary issues are: (i) whether the Court has subject-matter jurisdiction over the case, given that Defendant Bureau of Collection Recovery, Inc. ("BCR") made an offer of judgment under rule 68 of the Federal Rules of Civil Procedure for more than Plaintiff Richard Lucero's maximum possible recovery before a class was certified; (ii) if the Court does not have subject matter-jurisdiction, whether the Court should enter judgment against BCR in accordance with its offer of judgment and dismiss the Complaint; (iii) if the Court has subject-matter jurisdiction, whether Lucero has stated a claim for which relief may be granted for BCR's alleged

---

    [1] In its Memorandum Opinion and Order, entered May 6, 2010 (Doc. 59), the Court ordered the Complaint dismissed with prejudice for lack of subject-matter jurisdiction. The Court finds that the rule 68 offer of judgment mooted Lucero's claims, and that the Court does not have subject-matter jurisdiction, but is not dismissing the Complaint with prejudice. This Amended Memorandum Opinion and Order reflects that intended holding. Only the order on page 23 and this footnote are different from the original Memorandum Opinion and Order.

violations of the Collection Agency Act, NMSA 1978, §§ 61-18A-1 through 61-18A-32; and (iv) if the Court has subject-matter jurisdiction, whether Lucero has demonstrated that there are genuine issues of material fact for trial as to whether BCR substantially complied with the requirements of the Collection Agency Act and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692a through 1692p.  Because BCR has offered to satisfy Lucero's entire claim, the Court finds that Lucero no longer has a dispute over which to litigate and no longer has a remaining stake in the present action, and therefore the Court will grant BCR's motion to dismiss for lack of subject-matter jurisdiction pursuant to rule 12(b)(1).  Because the Court does not have subject-matter jurisdiction, the Court will not reach the merits of BCR's motion to dismiss pursuant to rule 12(b)(6) or, in the alternative, its motion for summary judgment.  Because Lucero rejected BCR's offer of judgment, the Court will not compel Lucero to accept the judgment and will not enter a judgment against BCR.

## FACTUAL BACKGROUND

BCR is in the business of debt collection and is considered a "debt collector" under 15 U.S.C. § 1692(6).  Class Action Complaint for Damages for Violation of the Fair Debt Collection Practices Act and the New Mexico Collection Agency Regulatory Act ¶ 4, at 2 (filed in state court on April 30, 2009), filed June 1, 2009 (Doc. 1-1); Defendant's Answer to Plaintiff's Complaint ¶ 4, at 1-2, filed June 2, 2009 (Doc. 2).  BCR's principal place of business and state of incorporation is Minnesota.  BCR conducts business in New Mexico, and is registered with the New Mexico Regulation and Licensing Department as a collection agency.  See Complaint ¶ 2, at 1; Answer ¶ 2, at 1.  Lucero incurred a financial obligation to Verizon Wireless, Inc. and received two collection letters from BCR.  See Complaint Exhibits A and B.  BCR contends that, at all times relevant to Lucero's Complaint, BCR was a licensed collection agency in the state of New Mexico.

See Complaint ¶ 11, at 3; Complaint Exhibit C, Licensee Details Page for BCR from New Mexico Regulation and Licensing Department website; Affidavit of Bobbi J. Dunn ¶ 6, at 2 (executed December 4, 2009), filed December 21, 2009 (Doc. 34-2); BCR's New Mexico Collection Agency License (executed August 6, 2009), filed December 21, 2009 (Doc. 34-3). Since 1999, Bobbi Dunn has served as BCR's licensed manager in New Mexico. See Dunn Aff. ¶ 4, at 1; New Mexico Collection Agency Manager's License (executed August 6, 2009), filed December 21, 2009 (Doc. 34-4).

Lucero disputes that, at all times relevant, BCR established and maintained "a full time bona fide collection agency" in the state of New Mexico, as NMSA 1978 § 61-18A-14 requires, and that Dunn maintained such "bona fide office" for BCR's collection activities from her home office. Lucero also disputes that Dunn was "actively in charge of the collection agency for which the license was sought," as NMSA 1978 § 61-18A-8 requires.

## PROCEDURAL BACKGROUND

On April 30, 2009, Lucero, on behalf of himself and others similarly situated, filed a Class Action Complaint for Damages for Violation of the Fair Debt Collection Practices Act and the New Mexico Collection Agency Regulatory Act in the Second Judicial District Court, County of Bernalillo, State of New Mexico. The Complaint alleges that BCR is in violation of the requirements for a foreign collection agency, set forth in the New Mexico Collection Agency Act, NMSA 1978, §§ 61-18A-1 through 61-18A-32 ("Collection Agency Act") and in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692a through 1692p ("FDCPA"). Lucero contends that BCR engaged in "false, deceptive or misleading" collection activities by misrepresenting that it was authorized to collect debts from Lucero and from the members of the Class in violation of 15 U.S.C. § 1692e.

On June 1, 2009, BCR removed the case to federal court.  See Defendant's Notice of Removal (Doc. 1).  On June 2, 2009, BCR made an offer of judgment to Lucero pursuant to rule 68.  See Certificate of Service, filed June 2, 2009 (Doc. 3).  The offer of judgment offered compensation of $3001.00 plus payment of Lucero's reasonable costs and attorneys' fees that had accrued up until that date.  See Defendant Bureau of Collection Recovery Inc.'s Reply in Support of Its Motion to Dismiss, or Alternatively, Motion for Summary Judgment at 8, filed March 26, 2010 (Doc. 53).  On August 13, 2009, the parties filed a Joint Status Report and Provisional Discovery Plan, in which the parties stipulated and agreed that discovery would be divided into two phases: (i) discovery only regarding class issues and certification, to end February 13, 2010; and (ii) discovery regarding claims and defenses of the parties.  See Joint Status Report and Provisional Discovery Plan at 1-2, filed August 13, 2009 (Doc. 10).  The Court adopted the parties' plan and the provisional discovery plan deadlines in its scheduling order.  See Scheduling Order Setting Case Deadlines, filed September 17, 2009 (Doc. 16); Order Adopting Joint Status Report and Provisional Discovery Plan, filed September 17, 2009 (Doc. 17).  On November 30, 2009, Lucero made an offer of settlement to BCR, and BCR made a counter-offer of settlement to Lucero on December 2, 2009 for a monetary amount greater than the maximum statutory recoverable amount under the FDCPA.  See Affidavit of Jennifer Anderson ¶ 3, at 1 (executed December 18, 2009), filed December 18, 2009 (Doc. 33).  The offer included that (i) the parties would enter into a mutual release; (ii) Lucero would dismiss his claims against BCR and all class claims and allegations; (iii) the parties would agree to a confidentiality provision; (iv) the parties would agree that BCR admitted no liability; and (v) BCR would pay Lucero $3001.00.  See Letter from Jennifer Anderson to Alfred Sanchez (dated December 2, 2009), filed March 12, 2010 (Doc. 50-5).  BCR represents that the compensation offer in its offer of settlement was identical to its earlier compensation offer in its June 2, 2009 offer

of judgment.  See Reply at 8.

BCR argues that Lucero's claims have been rendered moot by his rejection of BCR's settlement offer and offer of judgment.  In an interrogatory requesting Lucero to itemize each expense and each element of damage that he alleges he is entitled to recover or claim from BCR, Lucero responded: "Statutory damages as to be determined by the Judge."  Lucero's Answers to Bureau of Collection Recovery, Inc.'s First Set of Interrogatories and Responses to Requests for Production of Documents, Interrogatory Answer No. 4, at 2, filed December 21, 2009 (Doc. 34-10). Lucero also indicated that he is not making a claim for emotional damages.  See id., Interrogatory Answer No. 8, at 3.  Because the maximum statutory amount provided under FDCPA is $1,000.00, plus costs and reasonable attorneys' fees, see 15 U.S.C. § 1692k(a), (c), and because BCR offered $3,001.00 plus costs and attorneys' fees, it contends that Lucero no longer has a cognizable legal interest in the outcome of the case, as he was offered more than what he can recover, see Motion at 15.  BCR argues that the Court should follow the holding of the United States Court of Appeals for the Tenth Circuit, which has held that a class action must be dismissed as moot when the named plaintiff's claims have been satisfied before the certification of the class.  See Motion at 15 (citing Reed v. Heckler, 756 F.2d 779,785 (10th Cir. 1985)).  Thus, BCR argues the Court should dismiss the case pursuant to rule 12(b)(1).

In response, Lucero argues that the Court cannot rely on BCR's offer of settlement as a basis for dismissal of his claims or the class action because it is outside the scope of rule 68.  Lucero argues that the Court should adopt the United States Court of Appeals for the Third Circuit's approach in Weiss v. Regal Collections, 385 F.3d 337 (3d Cir. 2004), which found that mooting a class representative's claim does not moot the entire action because the class acquires a legal status separate from the interest asserted by the plaintiff.  See id. at 340.  The Third Circuit applied the

relation-back doctrine to treat the class-certification motion as filed when the complaint was filed, and thus found an offer of judgment before the class-certification motion was made did not moot the plaintiff's claim.  <u>See id.</u> at 348.  Here, Lucero argues that the Court should apply the relation-back doctrine because Lucero was acting under the impression that the class-certification hearing was already pending and discovery on the certification issue was to occur before the motion for class certification was filed.  <u>See</u> Response at 14-15.

In reply, BCR argues that Lucero's response overlooked the rule 68 offer of judgment BCR made on June 2, 2009, instead arguing that its subsequent offer of settlement on December 2, 2009 is insufficient to moot his claim.  <u>See</u> Reply at 8-9.  BCR argues that the Court should adopt the Tenth Circuit's policy that "a suit brought as a class action must be dismissed for mootness when the personal claims of the named plaintiffs are satisfied and no class has been properly certified." Reply at 9 (quoting <u>Reed v. Heckler</u>, 756 F.2d at 785).

On May 4, 2010, Lucero filed a surreply.  <u>See</u> Plaintiff's Sur Reply to Defendant's Reply in Support of Motion to Dismiss, filed May 4, 2010 (Doc. 58).  Lucero admits that his argument about the offer of settlement did not recognize that BCR had made an offer of judgment. <u>See</u> Surreply at 3.  He argues, however, that the Court should adopt the exception to mootness recognized in <u>Weiss v. Regal Collections</u>, and relate the motion for class certification back to the filing of the class complaint.  <u>See id.</u>  Lucero concedes that the Tenth Circuit declined to apply <u>Weiss v. Regal Collections</u> in <u>Clark v. State Farm Mutual Automobile Insurance Co.</u>, 590 F.3d 1134 (10th Cir. 2009), but argues that this case is distinguishable from the facts in <u>Clark v. State Farm Mutual Automobile Insurance Co.</u> because Lucero's motion for class certification was timely, in accordance with the Joint Status Report and Provisional Discovery Plan, unlike the class certification motion in <u>Clark v. State Farm Mutual Automobile Insurance Co.</u>, which was filed more

than a year after the defendant had paid full benefits to the plaintiff.  See Surreply at 3-4.  Lucero

argues the only logical and just response to the motion to dismiss is to deny it.  See id. at 5.

### STANDARD FOR MOTIONS TO DISMISS UNDER RULE 12(b)(1)

A plaintiff bears the burden of demonstrating the court's jurisdiction to hear his or her

claims.  "[T]he party invoking federal jurisdiction bears the burden of establishing its existence."

McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182, 189 (1936).  See Byrd v. EPA,

174 F.3d 239, 243 (D.C. Cir. 1999); Miller v. United States, 710 F.2d 656, 662 (10th Cir. 1983).

Rule 12(b)(1) of the Federal Rules of Civil Procedure empowers a court to dismiss a

complaint for "lack of jurisdiction over the subject matter."  Fed. R. Civ. P. 12(b)(1).  When making

a rule 12(b)(1) motion, a party may go beyond the allegations in the complaint to challenge the facts

upon which jurisdiction depends by relying on affidavits or other evidence properly before the court.

See New Mexicans for Bill Richardson v. Gonzales, 64 F.3d 1495, 1499 (10th Cir. 1995); Holt v.

United States, 46 F.3d 1000, 1003 (10th Cir. 1995).  A court has broad discretion to consider

affidavits or other documents to resolve disputed jurisdictional facts under rule 12(b)(1).  See Holt

v. United States, 46 F.3d at 1003.  In those instances, a court's reference to evidence outside the

pleadings does not necessarily convert the motion to a rule 56 motion.  See Holt v. United States,

46 F.3d at 1003 (citing to Wheeler v. Hurdman, 825 F.2d 257, 259 n. 5 (10th Cir.), cert. denied,

484 U.S. 986 (1987)).  Where, however, the court determines that jurisdictional issues raised in rule

12(b)(1) motion are intertwined with the case's merits, the court should resolve the motion under

either rule 12(b)(6) or rule 56.  See Franklin Sav. Corp. v. United States, 180 F.3d 1124, 1129

(10th Cir. 1999), cert. denied, 528 U.S. 964 (1999); Tippet v. United States, 108 F.3d 1194, 1196

(10th Cir. 1997).

The United States Court of Appeals for the Tenth Circuit has held that motions to dismiss

for lack of subject-matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002), cert. denied, 538 U.S. 999 (2003). These two forms of attack differ.

> On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a rule 12(b)(6) motion: the court must consider the complaint's allegations to be true. See Ruiz v. McDonnell, 299 F.3d at 1180; Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir.), cert. denied, 454 U.S. 897 (1981). But when the attack is factual, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 [summary-judgment] motion.

Alto Eldorado Partners v. City of Santa Fe, No. CIV 08-0175 JB/ACT, 2009 WL 1312856, at **8-9 (D.N.M. Mar. 11, 2009)(Browning, J.)(citations omitted). As the United States Court of Appeals for the Fifth Circuit stated:

> [T]he trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction -- its very power to hear the case -- there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

Williamson v. Tucker, 645 F.2d at 412-13 (quoting Mortenson v. First Fed. Sav. & Loan Ass'n., 549 F.2d 884, 891 (3d Cir. 1977)).

## SUBJECT-MATTER JURISDICTION AND RULE 68 OFFERS OF JUDGMENT

To sustain jurisdiction, "the parties must continue to have a personal stake in the outcome." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990). A case will be rendered moot if the issues are "no longer live or the parties lack a legally cognizable interest in the outcome." Citizens for the Responsible Gov't State Political Action Comm. v. Davidson, 236 F.3d 1174, 1182 (10th Cir. 2000)

(citations omitted). Article III of the Constitution limits the jurisdiction of federal courts to "actual ongoing cases or controversies." Lewis v. Cont'l Bank Corp., 494 U.S. at 477; Mink v. Suthers, 482 F.3d 1244, 1256 (10th Cir. 2007). The court "lack[s] power to hear moot claims, including those that have been 'fully satisfied' by a monetary judgment." Clark v. State Farm Mut. Auto. Ins. Co., 590 F.3d 1134, 1138 (10th Cir. 2009)(citation omitted). The mootness of claims is a "threshold inquiry, because the existence of a live case or controversy is a constitutional prerequisite to the jurisdiction of the federal courts." Dais-Naid, Inc. v. Phoenix Resource Cos., 974 F.2d 1246, 1247 (10th Cir. 1991).

The Tenth Circuit has stated: "As a general rule, a suit brought as a class action must be dismissed for mootness when the personal claims of the named plaintiffs are satisfied and no class has been properly certified." Clark v. State Farm Mut. Auto. Ins. Co., 590 F.3d at 1138 (quoting Reed v. Heckler, 756 F.2d 779, 785 (10th Cir. 1985)). See Brown v. Phila. Hous. Auth., 350 F.3d 338, 343 (3d Cir. 2003)("When claims of the named plaintiffs become moot before class certification, dismissal of the action is required."); Potter v. Norwest Mortgage, Inc., 329 F.3d 608, 611 (8th Cir. 2003)("[A] federal court should normally dismiss an action as moot when the named plaintiff settles its individual claim, and the district court has not certified a class."); D.R. v. Mitchell, 645 F.2d 852, 854 (10th Cir. 1981)("Because the class was never properly identified by the district judge, there is no party before this court who can maintain the remaining constitutional challenge.").

According to rule 68, "[a]t any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or the effect specified in the offer, with costs then accrued." Fed. R. Civ. P. 68. Courts have held that "[a]n offer of complete relief will generally

moot the plaintiff's claim, as at that point the plaintiff retains no personal interest in the outcome of the litigation." Weiss v. Regal Collections, 385 F.3d at 340; Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir. 1991)("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake.")(internal citation omitted); 13A C. Wright & A. Miller, Fed. Prac. & Proc. Juris. § 3533.2, at 236 (2d ed. 1984)("Even when one party wishes to persist to judgment, an offer to accord all of the relief demanded may moot the case.").

In Lomas v. Emergency Medical Billing, LLC, No. 2:07-cv-952, 2008 U.S. Dist. LEXIS 65480 (D. Utah Aug. 25, 2008), the plaintiff alleged that the defendants violated various sections of FDCPA and Utah's Consumer Sales Practices Act. See 2008 U.S. Dist. LEXIS 65480, at **1-2. The plaintiff brought the action on behalf of herself and a class of Utah debtors from whom each of the three defendants had attempted to collect fees. One defendant collection company tendered an offer of judgment pursuant to rule 68, to which the plaintiff never responded. Three months after the offer of judgment was made, the defendant filed a motion to dismiss pursuant to rule 12(b)(1). The Honorable Dee Benson, United States District Judge for the District of Utah, held that the rule 68 offer mooted the plaintiff's claims against that defendant, stating:

> The Court is persuaded by the general rule of this Circuit that a suit brought as a class action must be dismissed for mootness when the personal claims of the named plaintiffs are satisfied and no class has been properly certified. Reed v. Heckler, 756 F.2d 779, 785 (10th Cir. 1985)(citations omitted); In re Standard MetalsCorp., 817 F.2d 625, 629 (10th Cir. 1987). The Court is also persuaded by the Seventh Circuit's pronouncement in Rand v. Monsanto Co., 926 F.2d 596 (7th Cir. 1991), wherein the court held that, "once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate . . . and a plaintiff who refuses to acknowledge this loses outright under Fed. R. Civ. P. 12(b)(1) because he has no remaining stake." Id., at 598.

-10-

2008 U.S. Dist. LEXIS 65480, at *4-5.  The rule 68 offer of judgment offered the plaintiff $ 5,001.00 plus her reasonable costs and attorney's fees incurred in prosecuting the case against the defendant through the date of the offer.  Judge Benson found that the offer was "far in excess of the maximum Plaintiff can hope to recover at trial of the present action."  2008 U.S. Dist. LEXIS 65480, at *6.  She explained that damages under the FDCPA for a successful plaintiff are limited to actual damages, a maximum of $1,000.00 in statutory damages, and costs and reasonable attorney's fees, and because the plaintiff had set forth no pleading that establishes any actual damage, her claims were limited to statutory damages, costs, and reasonable attorney's fees.  See 2008 U.S. Dist. LEXIS 65480, at *6.  Judge Benson determined that, because the defendant had offered to satisfy the plaintiff's entire claim, she no longer had a dispute over which to litigate, nor did she have a remaining stake in the present action.  See 2008 U.S. Dist. LEXIS 65480, at *6 ("By offering Plaintiff $ 5,001.00 plus costs and reasonable attorney's fees, the Rule 68 Offer offered Plaintiff far in excess of what she can hope to recover at trial.").  Judge Benson found that the rule 68 offer put the plaintiff "in an untenable position and she would not be an appropriate putative class representative, because her interests at least carry the perception of some degree of antagonism to the claims of the remaining putative class."  2008 U.S. Dist. LEXIS 65480, at *7.

In Weiss v. Regal Collections, the Third Circuit held that, when the defendant makes a full offer of judgement -- thereby mooting the named plaintiff's claims -- at so early a point in the litigation that the named plaintiff could not have been expected to file a class certification motion, the class' claims are not moot and the case may proceed.  See 385 F.3d at 348.  The Third Circuit concluded that "[a]bsent undue delay in filing a motion for class certification . . . where a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the

filing of the class complaint." 385 F.3d at 348. The Third Circuit found that allowing a defendant to moot a representative plaintiff's claim through a rule 68 offer of judgment would effectively nullify the possibility of obtaining class certification. See 385 F.3d at 349. The Third Circuit also distinguished between a plaintiff who voluntarily settles a case from a plaintiff who refuses a defendant's offer of judgment that would fully satisfy the plaintiff's claim. See id. at 349-50. The Third Circuit stated that "relation back" is more appropriate in the latter setting, as it is the defendant's unilateral action that rendered the plaintiff's case moot. Id. at 350.

In Clark v. State Farm Mutual Automobile Insurance, Co., the plaintiff argued that the district court, sua sponte, decided his individual claims and entered judgment in his favor. He appealed the district court's decision that, because no class had yet been certified, the entire case was moot. See 590 F.3d at 1139. The plaintiff argued that the Tenth Circuit should adopt the Third Circuit's rule in Weiss v. Regal Collections. The Tenth Circuit declined the address the question whether it adopts the Third Circuit's rule and held "the posture of this case compels us to apply the general rule that 'a suit brought as a class action must be dismissed for mootness when the personal claims of the named plaintiffs are satisfied and no class has been properly certified.'" 590 F.3d at 1139-41 (quoting Reed v. Heckler, 756 F.2d at 785).

## ANALYSIS

Before the Court can reach the merits of the case, it must address the issue whether BCR's rule 68 offer of judgment has rendered this case moot, thus depriving the Court of subject-matter jurisdiction. BCR has moved to dismiss pursuant to rule 12(b)(1). BCR has raised a factual attack on the Court's subject-matter jurisdiction -- a challenge based on the facts upon which subject-matter jurisdiction is based -- by asserting that BCR's offer of judgment mooted the case. BCR asserts that no case or controversy exists because BCR's offer of judgment was in excess of

the maximum amount Lucero may recover in this case.  See Ruiz v. McDonnell, 299 F.3d at 1180;

Dellarussiani v. Ed Donnelly Enters., Inc., No. 2:07-CV-00253, 2007 U.S. Dist. LEXIS 76385, at

*3 (S.D. Ohio Oct. 15, 2007)("Defendants' motion to dismiss is based on the lack of case or

controversy resulting from the Defendants' Offer of Judgment.  Such a motion is a 'factual

attack.'").  The mootness of claims is a "threshold inquiry, because the existence of a live case or

controversy is a constitutional prerequisite to the jurisdiction of the federal courts." Dais-Naid, Inc.

v. Phoenix Resource Cos., 974 F.2d 1246, 1247 (10th Cir. 1991).  A case will be rendered moot if

the issues are "no longer live or the parties lack a legally cognizable interest in the outcome."

Citizens for the Responsible Gov't State Political Action Comm. v. Davidson, 236 F.3d at 1182.

BCR contends that, because Lucero refused its offer exceeding the maximum amount Lucero could

recover, he no longer has a legally cognizable interest in the outcome, and his action is now moot.

The Tenth Circuit has stated: "As a general rule, a suit brought as a class action must be

dismissed for mootness when the personal claims of the named plaintiffs are satisfied and no class

has been properly certified." Clark v. State Farm Mut. Auto. Ins. Co., 590 F.3d at 1138 (quoting

Reed v. Heckler, 756 F.2d at 785).  Other courts of appeals have similarly found that, when the

named plaintiff's claims become moot, dismissal of the action is required.  See Murray v. Fid. Nat'l

Fin. Inc., 594 F.3d 419, 421 (5th Cir. 2010)("As a general principle, a purported class action

becomes moot when the personal claims of all named plaintiffs are satisfied and no class has been

certified."); Brown v. Phila. Hous. Auth., 350 F.3d 338, 343-46 (3d Cir. 2003)(applying general rule

that, "when claims of the named plaintiffs become moot before class certification, dismissal of the

action is required," and holding that "no implied class certification doctrine can take the place of,

or be deemed a substitute for, an appropriate grant of class certification."); Brunet v. City of

Columbus, 1 F.3d 390, 399 (6th Cir. 1993)("Once a class is certified, the mooting of the named

-13-

plaintiff's claim does not moot the action, and the court continues to have jurisdiction to hear the merits of the action if a controversy between any class member and the defendant exists.  Where, on the other hand, the named plaintiff's claim becomes moot before certification, dismissal of the action is required."); Comer v. Cisneros, 37 F.3d 775, 798 (2d Cir. 1994)(stating that, "in general, if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot"); Swan v. Stoneman, 635 F.2d 97, 102 n.6 (2d Cir. 1980)("As a general rule, a class action cannot be maintained unless there is a named plaintiff with a live controversy both at the time the complaint is filed and at the time the class is certified.").

Rule 68 of the Federal Rules of Civil Procedure, in pertinent part, provides that a defendant "may serve upon the [plaintiff] an offer to allow judgment to be taken against [the defendant] for the money . . . specified in the offer, with costs then accrued."  Fed. R. Civ. P. 68.  The Supreme Court has explained that the "plain purpose of Rule 68 is to encourage settlement and avoid litigation . . . .  The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits."  Marek v. Chesny, 473 U.S. 1, 5 (1985).  "Several circuits have held that, if the defendant makes an offer of judgment pursuant to rule 68 that completely satisfies the plaintiff's claims, the plaintiff's claims become moot because there is no longer a controversy between the parties to litigate and the plaintiff has no remaining interest in the outcome."  Rodriguez v. City of Albuquerque, No. CIV 07-0901 JB/ACT, 2009 U.S. Dist. LEXIS 66025, at *7 (D.N.M. July 27, 2009)(Browning, J.)(citing Sandoz v. Cingular Wireless, LLC, 553 F.3d 913, 915 (5th Cir. 2008); Rand v. Monsanto Co., 926 F.2d at 598; Weiss v. Regal Collections, 385 F.3d at 340).  BCR made a rule 68 offer of judgment to Lucero on June 2, 2009, the day after BCR removed the case to federal court.  See Certificate of Service, filed June 2, 2009 (Doc. 3).

-14-

As a threshold matter, the Court must determine whether BCR's rule 68 offer of judgment provided Lucero with complete relief.  The offer of judgment offered compensation of $3001.00, plus payment of Lucero's reasonable costs and attorneys' fees that had accrued up until that date.  See Reply at 8.  Damages under the FDCPA for a successful plaintiff are limited to actual damages, a maximum of $ 1,000.00 in statutory damages, and costs and reasonable attorney's fees.  15 U.S.C. § 1692k(a)(1), (2)(A), (3).  According to Lucero's answers to BCR's interrogatories, he is only seeking statutory damages.  See Lucero's Answers to Bureau of Collection Recovery, Inc.'s First Set of Interrogatories and Responses to Requests for Production of Documents, Interrogatory Answer No. 4, at 2.  By offering Lucero $ 3,001.00 plus reasonable costs and attorneys' fees, BCR's offer of judgment is in excess of what Lucero can hope to recover at trial.  Having offered more than Lucero could possibly recover through this litigation, Lucero has no remaining stake in this suit.  See Rand v. Monsanto Co., 926 F.2d at 598 ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate . . . and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake."); Abrams v. Interco Inc., 719 F.2d 23, 32 (2d Cir. 1983)(finding that "there is no justification for taking the time of the court and the defendant in the pursuit of [a] minuscule individual claim[] which defendant has . . . satisfied."); Lomas v. Emergency Med. Billing, LLC, 2008 U.S. Dist. LEXIS 65480, at *6; Ambalu v. Rosenblatt, 194 F.R.D. 451, 453 (E.D.N.Y. 2000)("If a named representative's claim becomes moot before class certification, the entire case is to be dismissed for lack of subject matter jurisdiction.").  The Court finds that it must apply the rule of the Tenth Circuit that "a suit brought as a class action must be dismissed for mootness when the personal claims of the named plaintiffs are satisfied and no class has been properly certified." Clark v. State Farm Mut. Auto. Ins. Co., 590 F.3d at 1138.  The Court holds, therefore, that the rule 68 offer of judgment,

made before a motion for class certification was even filed, mooted Lucero's claims set forth in his

Complaint.  See Lomas v. Emergency Med. Billing, L.L.C., 2008 U.S. Dist. LEXIS 65480, at \*\*6-7

(following the Tenth Circuit's general rule and holding that the rule 68 offer mooted the named

plaintiff's FDCPA claim); Ambalu v. Rosenblatt, 194 F.R.D. at 453 (dismissing the plaintiff's

FDCPA suit after the defendant's rule 68 offer of judgment rendered the plaintiff's individual claims

moot); Lusardi v. Xerox Corp., 975 F.2d 964, 983 (3d Cir. 1992)("Without a rule that plaintiff have

a live claim at least when the motion to certify is filed, the 'case or controversy' requirement would

be almost completely eviscerated in the class action context, since almost anybody might be deemed

to have standing to move to certify a class. . . .  The mere fact that the named plaintiffs in this case

used to have a controversy with the defendant cannot confer a valid, unending procedural claim to

represent that class."); Tallon v. Lloyd & McDaniel, 497 F. Supp. 2d 847, 852-53 (W.D. Ky. 2007);

Jones v. CBE Group, Inc., 215 F.R.D. 558, 564-65 (D. Minn. 2003)("Plaintiff would have the court

defer consideration of a challenge to its subject matter jurisdiction until it has ruled on a motion for

class certification, even if no motion to certify had yet been filed.  However, jurisdiction is a

threshold question that cannot be waived by the parties nor ignored by the courts.")(internal

quotations and citation omitted)).

   While the Court recognizes the risk that defendants might use rule 68 offers of judgment to

pick off named plaintiffs, see Nasca v. GC Servs. Ltd. P'ship, 2002 U.S. Dist. LEXIS 16992, at \*2

(S.D.N.Y. Sept. 13, 2002)(noting the problem posed by the "picking off"of named plaintiffs), no

express statement in the rules limits the application of rule 68 in class action complaints.  The Third

Circuit in Weiss v. Regal Collections acknowledged that amendments to rule 68 have been

considered in the past, but have not thus far been adopted:

   Proposed amendments to make Rule 68 inapplicable to class actions were suggested

in 1983 and 1984, and they were rejected both times. The proposals read in part: "this rule shall not apply to class or derivative actions under Rules 23, 23.1, and 23.2." In support of the proposals, the Advisory Committee wrote: "An offeree's rejection would burden a named representative-offeree with the risk of exposure to heavy liability [for costs and expenses] that could not be recouped from unnamed class members. . . . [This] could lead to a conflict of interest between the named representatives and other members of the class." Advisory Committee's Note to Proposed Amendment to Rule 68, 102 F.R.D. at 436.

385 F.3d at 344 n.12. It is true that some courts have declined to dismiss FDCPA class complaints where the defendant made a rule 68 offer of judgment for the named plaintiff's entire individual claim before class certification. In Schaake v. Risk Mgmt. Alternatives, Inc., 203 F.R.D. 108 (S.D.N.Y. 2001), the district court stated:

> Here, it is true no motion for class certification was pending at the time defendant made its Rule 68 Offer of Judgment. However, the complaint was filed on May 23 . . . and the Rule 68 offer was made a mere 32 days later, well before plaintiff could be reasonably expected to file its class certification motion.

203 F.R.D. at 112. See Liles v. Am. Corrective Counseling Servs., Inc., 201 F.R.D. 452, 455 (S.D. Iowa 2001)("Hinging the outcome of this motion on whether or not class certification has been filed . . . would encourage a 'race to pay off' named plaintiffs very early in litigation, before they file motions for class certification."). The Tenth Circuit has not found that the mootness doctrine, as it relates to class actions, renders rule 68 offers of judgment to named plaintiffs ineffective. Moreover, the Tenth Circuit recently declined to address whether it adopts the Third Circuit's approach in Weiss v. Regal Collections, allowing for the application of the relation-back doctrine to prevent defendants from attempting to circumvent a class judgment by settling with the named plaintiff after a class action complaint has been filed. See Clark v. State Farm Mut. Auto. Ins., Co., 590 F.3d at 1139. The Court believes that the decision to make an offer of judgment to a plaintiff is not one defendants take lightly. Having a judgment entered against BCR in this case sets a precedent that may very well result in its need to continue paying statutory damage settlements or

offers of judgments to plaintiffs, like Lucero, and perhaps, at some point, its decision will change and it will litigate a class claim. At this point, however, the unnamed class members are not part of the action, because the Court has not certified the class. See Deposit Guaranty Nat'l Bank v. Roper, 445 U.S. at 340 n.12 (noting that "[d]ifficult questions arise as to what, if any, are the named plaintiffs' responsibilities to the putative class prior to certification; this case does not require us to reach these questions."); Wiesmueller v. Kosobucki, 513 F.3d 784, 786 (7th Cir. 2008) (holding that if the named plaintiff's claim becomes moot before certification, suit must be dismissed because no one has legally protected interest in litigation). Because there is no class, Lucero's only legal interest at the time the offer of judgment was made, and now, is in his own claim, and Lucero cannot deny an offer which fully satisfies his claim and then maintain that he still has a personal stake in the outcome of the lawsuit. See Dellarussiani v. Ed Donnelly Enters., No. 2-07-cv-0253, 2007 U.S. Dist. LEXIS 76385, at *17 (S.D. Ohio Oct. 15, 2007)("As a policy matter, allowing Plaintiffs' claim to go forward in spite of the fact that they have been offered all the relief they sought in their complaint only encourages needless litigation to amass attorney's fees.").

In the end, the Court does not have jurisdiction over a case where no class has been certified but the defendant has satisfied the plaintiff's demand for relief. Article III of the Constitution requires that there be a case or controversy, and the Court does not believe it has the discretion to create exceptions from the constitutional requirement to advance the purposes and utility of the class action device. See 5 J. Moore & J. Solovy, Moore's Federal Practice § 23.64[1][b], at 23-343 (3d ed. 2010)(stating that when a named plaintiff's claim becomes moot and the class has not been certified, "the unnamed class members are not technically part of the action, so there is no one who can assert a justiciable claim against any defendant and, consequently, there is no 'case or controversy' within the meaning of Article III."). Nor does the Court believe it is prudent, in the

name of public policy, to create by judicial ruling what the rules committee has declined to do.  The problem, if there is one, is rather easily fixed, by saying that rule 68 cannot be used in an alleged class action, yet policy makers have declined to adopt that rule.  There are good public policy reasons on both sides of the dispute.  There is a strong policy in favor of settlement of disputes.  Moreover, not all agree with the social utility and efficiency of class actions in all circumstances.  In any case, the Court does not believe it should fashion a rule that is inconsistent with the plain language of the federal rules and violates Article III without clear guidance from the policy makers and/or the higher courts.  See C. Wright & A. Miller, 13C Fed. Prac. & Proc. Juris. § 3533.9.1, at 509 (3d ed. 2008)("Although class actions have forced careful consideration of the question whether mootness principles should be adjusted to look beyond the personal interests of the present representative plaintiff, the process is not yet complete."); 13 J. Moore & T. Rowe, Moore's Federal Practice § 68.03[3], at 68-15 (3d ed. 2010)("Given this tension between the exceptionless language of Rule 68 on the one hand, and significant problems on the other, it is not surprising to find a conflict in the few decisions addressing whether Rule 68 should apply to class actions.").

The Court finds that BCR's offer of judgment moots Lucero's case, but must also address the proper means of disposing of the case.  The offer of judgment in this case was not accepted within ten days of when it was offered and thus was rejected.  See Fed. R. Civ. P. 68. Though the Circuit Courts agree that an offer of judgment for the full amount a plaintiff seeks moots the case, they disagree about how to dispose of such a case.  In Rand v. Monsanto Company, the Honorable Frank H. Easterbrook, United States Circuit Judge for the Seventh Circuit, stated that, "once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate . . . and a plaintiff who refuses to acknowledge this loses outright under Fed. R. Civ. P. 12(b)(1) because he has no remaining stake."  926 F.2d at 598.  The defendant in Rand v. Mosanto Company offered

-19-

the plaintiff $ 1,135.00, which, according to the interrogatories, fully covered the cost of the suit as well as the plaintiff's injury. See 926 F.2d at 597. The plaintiff refused the offer, however, resulting in a judgment against him, because "once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate." Id. at 598. In Gresiz v. Household Bank, N.A., the Honorable Richard Posner, United States Circuit Judge for the Seventh Circuit, and then-Chief Judge, equated an offer of judgment to a default judgment that eliminates a legal dispute upon which federal jurisdiction can be based. Agreeing with Judge Easterbrook in Rand v. Mosanto Company, Judge Posner explained:

> You cannot persist in suing after you've won. Lawyer Longo may have thought that he had something to gain by pressing on -- additional attorney's fees. But if that is what he thought, he was mistaken. Once a party has won his suit and obtained the attorney's fees that were reasonably expended on winning, additional attorney's fees would not be reasonably incurred. So by spurning the defendant's offer, Longo shot both himself and his client in the foot. He lost his claim to attorney's fees by turning down the defendant's offer to pay them, and Greisz lost $1,200.

176 F.3d at 1015. Accord Rand v. Mosanto Co., 926 F.2d at 597. Courts in the Second Circuit have departed from the Seventh Circuit's dismissal of the action, electing instead to enter judgment in the plaintiff's favor in accordance with the defendant's rejected rule 68 offer of judgment. See Ambalu v. Rosenblatt, 194 F.R.D. at 453 (ordering that "plaintiff Ambalu's complaint is dismissed for lack of subject matter jurisdiction and judgment shall be entered against defendant Rosenblatt in accordance with its Rule 68 offer of judgment."); Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP, 258 F. Supp. 2d 157, 161 (E.D.N.Y. 2003)(finding that, when the rule 68 offer expired without being accepted or rejected, the offer mooted the plaintiff's class complaint alleging FDCPA violations, but also ordering "that the Court shall retain jurisdiction to determine the amount of reasonable attorney's fees and costs of the suit and then the Court of the Clerk [sic] will be directed to enter judgment against the defendant in accordance with its Rule 68 offer of judgment."). The

United States Court of Appeals for the Sixth Circuit has also adopted the approach in <u>Ambalu v. Rosenblatt</u>, "compelling plaintiffs to accept the offers of judgment, so long as the parties agree on the appropriate monetary value of the award authorized by the statute and unique to the plaintiffs' circumstances." <u>Dellarussiani v. Ed Donnelly Enters., Inc.</u>, 2007 U.S. Dist. LEXIS 76385, at *19 (S.D. Ohio Oct. 15, 2007)("This Court believes, however, that compelling a plaintiff to accept a defendant's offer of judgment also discourages attorneys from needlessly amassing fees while better protecting plaintiffs who may not have been consulted prior to their counsel's rejection of the defendant's offer."), <u>affirmed by</u> <u>O'Brien v. Ed. Donnelly Enters.</u>, 575 F.3d 567, 575 (6th Cir. 2009). In affirming the district court's decision to compel the plaintiffs to accept the expired rule 68 offer, the Sixth Circuit explained:

> We disagree, however, with the Seventh Circuit's view that a plaintiff loses outright when he refuses an offer of judgment that would satisfy his entire demand. <u>See</u> <u>Greisz</u>, 176 F.3d at 1015 (barring recovery of any damages or attorney fees when the plaintiff refused an offer of judgment for the full amount of damages plus reasonable costs and attorney fees). Instead, we believe the better approach is to enter judgment in favor of the plaintiffs in accordance with the defendants' Rule 68 offer of judgment, as the district court did in this case, following the lead of district courts in the Second Circuit. <u>See</u> <u>Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP</u>, 258 F. Supp. 2d 157, 160-61 (E.D.N.Y. 2003); <u>Ambalu v. Rosenblatt</u>, 194 F.R.D. 451, 453 (E.D.N.Y. 2000).

575 F.3d at 575.

The Tenth Circuit has not addressed how the Court should resolve a case where a rule 68 offer of judgment moots the plaintiff's claims. In <u>Lomas v. Emergency Medical Billing, LLC</u>, the case closest on point in this Circuit, District Judge Benson found that the defendant's offer of judgment, which the plaintiff did not accept, mooted the plaintiff's claims, which she brought on behalf of herself and a class of Utah debtors. In her order, Judge Benson granted the motion to dismiss pursuant to rule 12(b)(1), dismissed the plaintiff's claims against the

-21-

defendant under the FDCPA with prejudice as moot, but also compelled the defendant to "tender the total sum of $5,001.00, plus Plaintiff's costs and reasonable attorneys' fees incurred through January 30, 2008 in the prosecution of Plaintiff's Complaint against Bonneville." 2008 U.S. Dist. LEXIS 65480, at *8.  There does not appear to have been a new offer of judgment made to the plaintiff, which Judge Benson enforced; rather, it appears that Judge Benson enforced the rejected offer of judgment that had expired seven months before her order.  Neither party appealed the decision to compel the plaintiff to accept the expired offer of judgment.

The Court has carefully considered the two methods of disposing of a case in which an offer of judgment exceeding maximum recovery moots the claims, and the Court is not comfortable compelling enforcement of a judgment that the plaintiff rejected and which has expired.  The Court finds Judge Posner and Judge Easterbrook's approach more appropriate and in line with the law. The Court agrees with Judge Easterbrook's statement that, "once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate . . . and a plaintiff who refuses to acknowledge this loses outright under Fed. R. Civ. P. 12(b)(1) because he has no remaining stake."  926 F.2d at 598.  BCR offered Lucero a judgment in excess of any amount he could have recovered from a statutory award under the FDCPA, the only damages he claimed, and offered costs and attorney's fees.  At that point, Lucero would have received more than what he was seeking in his claims, which may or may not have been successful on the merits.  For the Court to start entering merits orders -- such as entering a judgment for the plaintiff -- when it does not have jurisdiction over the case lacks a sound basis in Article III or in federal jurisprudence regarding federal jurisdiction.  Such action also is inconsistent with the language of rule 68.  While the Sixth Circuit's approach avoids the harshness of the Seventh Circuit's approach, the Court cannot square the Sixth Circuit's actions with its jurisdiction.  Moreover, employing Judges Easterbrook and Posner's

approach will better deter plaintiffs' attorneys from rejecting satisfactory rule 68 offers of judgment to continue amassing attorneys' fees and may encourage settlement by increasing the risk of quibbling over the adequacy of an offer.  See, e.g., Rodriguez v. City of Albuquerque, 2009 U.S. Dist. LEXIS 66025, at **10-11 (noting that mooting a case based on an offer of judgment which provides more than the statutory cap on recover is proper because it provides complete relief, but finding the plaintiffs' claims were not moot because there was no statutory cap on recovery and complete relief was uncertain).  In sum, the Seventh Circuit's approach encourages settlement quickly and efficiently.  The Court, therefore, will grant BCR's motion to dismiss for lack of subject-matter jurisdiction, but will not compel judgment be entered against BCR in accordance with its rejected offer of judgment.  Because the Court finds that BCR's offer of judgment mooted Lucero's claims, the Court does not reach the merits of BCR's motion to dismiss pursuant to rule 12(b)(6) or, in the alternative, motion for summary judgment pursuant to rule 56.

IT IS ORDERED that Defendant Bureau of Collection Recovery Inc.'s Motion to Dismiss and Memorandum Brief in Support of its Motion to Dismiss Or, Alternatively, Motion for Summary Judgment is granted in part.  Plaintiff Richard Lucero's claims against BCR are dismissed as moot, and Lucero's Complaint is dismissed for lack of subject-matter jurisdiction pursuant to rule 12(b)(1).

_____
UNITED STATES DISTRICT JUDGE

-23-

*Counsel:*

Alfred M. Sanchez
Law Offices of Alfred M. Sanchez
Albuquerque, New Mexico

-- and --

John M. Wells
Law Offices of John M. Wells, P.A.
Albuquerque, New Mexico

*Attorneys for the Plaintiffs*

Erin Langenwalter
Jennifer G. Anderson
Zachary R. Cormier
Modrall Sperling Roehl Harris & Sisk, P.A.
Albuquerque, New Mexico

*Attorneys for the Defendant*