IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD LUCERO,
On behalf of himself and
All others similarly situated,

        Plaintiff,

vs.                                                    No. CIV 09-0532 JB/WDS

BUREAU OF COLLECTION RECOVERY, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Objection to Cost Bill, filed April 20, 2012 (Doc. 82)("Objection"). The Court held a hearing on June 26, 2012. The primary issue is whether it would be inequitable to tax costs against Plaintiff Richard Lucero such that the Court should set aside the Clerk of the Court's award of costs in favor of Defendant Bureau of Collection Recovery, Inc. ("BCR"). The Court will overrule Lucero's Objection and award BCR $2,323.47 in costs. The Court finds that Lucero has proved that he is indigent. Nevertheless, given that the Court concludes that BCR has engaged in no conduct that would suggest that an award of costs to it would be inappropriate and that the amount of costs is not particularly high, the Court concludes that it should award costs to BCR.

**FACTUAL BACKGROUND**

Lucero is sixty years old and is unable to work because of the effects of polio, which he contracted as a child. See Affidavit of Richard Lucero ¶ 3, at 1 (executed April 12, 2012), filed April 20, 2012(Doc. 82-1)("Lucero Aff."). He has not worked since 1977, when he made $2.35 per hour. See Lucero Aff. ¶ 6, at 2. He presently suffers from post-polio syndrome, which "means that

the polio is causing damage to [his] body now." Lucero Aff. ¶ 5, at 2.  Lucero's only source of income is the $1,550.00 he receives every month in the form of Social Security Disability benefits. See Lucero Aff. ¶ 2, at 1.  At the time Lucero executed his affidavit, he had a bank account with a balance of $70.00 and a fourteen-year-old car.  See Lucero Aff. ¶¶ 12-13, at 2.  Lucero and his girlfriend live in a house they own together, but Lucero still owes the entire balance of the mortgage. See Lucero Aff. ¶11, at 2.  Lucero has no other assets and has no other potential sources of income. See Lucero Aff. ¶ 15, at 2.

## PROCEDURAL BACKGROUND

On April 30, 2009, Lucero, on behalf of himself and others similarly situated, filed a Class Action Complaint for Damages for Violation of the Fair Debt Collection Practices Act and the New Mexico Collection Agency Regulatory Act in the Second Judicial District Court, Bernalillo County, State of New Mexico.  See Doc. 1-1.  After BCR removed the case to federal court, BCR offered to satisfy Lucero's entire claim in a settlement.  See Amended Memorandum Opinion and Order at 4, filed May 6, 2010 (Doc. 60)("May 6, 2010 MOO").  Lucero refused the offer, and on December 21, 2009, BCR filed a motion seeking dismissal of Lucero's claims on the merits.  See Defendant Bureau of Collection Recovery Inc.'s Motion to Dismiss and Memorandum Brief in Support of Its Motion to Dismiss or, Alternatively, Motion for Summary Judgment (Doc. 34)("Motion to Dismiss").  BCR alternatively moved for summary judgment, asserting that there remained no controversy between the parties.  See Motion to Dismiss at 13-17.  The Court found:

> Because BCR has offered to satisfy Lucero's entire claim, the Court finds that Lucero no longer has a dispute over which to litigate and no longer has a remaining stake in the present action, and therefore the Court will grant BCR's motion to dismiss for lack of subject-matter jurisdiction pursuant to rule 12(b)(1).  Because the Court does not have subject-matter jurisdiction, the Court will not reach the merits of BCR's motion to dismiss pursuant to rule 12(b)(6) or, in the alternative, its motion for summary judgment.

May 6, 2010 MOO at 2.

Lucero appealed the decision, see Notice of Appeal at 1, filed May 24, 2010 (Doc. 62), and the United States Court of Appeals for the Tenth Circuit reversed and remanded the case.  The Tenth Circuit held that the "district court erred in dismissing the class action complaint without considering the undoubtedly timely motion for certification." Lucero v. Bureau of Collection Recovery Inc., 639 F.3d 1239, 1241 (10th Cir. 2011).  Following the remand of this case from the Tenth Circuit, the Court entered summary judgment in favor of BCR on the merits of Lucero's claims.  See Memorandum Opinion and Order at 1-2, filed February 28, 2012 (Doc. 78)("Feb. 28, 2012 MOO").  Lucero chose not to appeal the Court's grant of summary judgment.

On February 29, 2012, the Court entered its Final Judgment.  See Doc. 79.  On March 30, 2012, BCR filed a bill of costs requesting a total of $2,323.47 in costs.  See Bill of Costs at 1 (Doc. 8).  On April 20, 2012, Lucero filed his Objection to the Bill of Costs.  See Doc. 82.  Lucero argues that his limited income, age, and disability make it inequitable to require him to pay costs.  See Objection at 1.  Lucero asserts that the Tenth Circuit's ruling in this case made a substantial contribution to the Tenth Circuit's jurisprudence.  See Objection at 3.  He contends that the ruling will help future litigants and judges deciding similar cases, thus making it inequitable for the Court to award costs to BCR.  See Objection at 3.

On May 16, 2012, BCR filed its Response to Plaintiff's Objection to Cost Bill.  See Doc. 83 ("Response").  BCR asserts that Lucero has failed to articulate a reason why BCR should suffer the penalty of shifting the costs to it.  See Response at 2.  BCR asserts that, "[a]lthough Plaintiff offers evidence that he may have financial difficulties at this time, he does not offer a single reason why BCR should suffer the 'severe penalty' of not receiving its costs."  Response at 3.

At the hearing on June 26, 2012, Lucero stated that he would be going into surgery in the

near future and had suffered several aneurysms. See Transcript of Hearing at 4:3-8 (taken June 26, 2012)(Sanchez)("Tr.").[1]  Lucero contended that, because the only capital he has available to him is in the form of Social Security Benefits that a court may not garnish to satisfy a judgment, a court order requiring him to pay costs would be futile. See Tr. 5:13-22 (Sanchez).  BCR did not dispute that Lucero is indigent but noted that denying an award of costs to a prevailing party is a severe penalty.  See Tr. at 6:9-23 (Anderson).  BCR's counsel stated that she had a personal history with Lucero and knew that Lucero had been a party to several lawsuits similar to this one. See Tr. 6:24-7:16 (Anderson).  BCR contended that these other suits were a potential source of income beyond Lucero's Social Security benefits. See Tr. 7:5-8 (Anderson). BCR asserted that, because Lucero has been a party to other lawsuits, he should be familiar with the traditional practice that the prevailing party receives costs.  See Tr. 7:9-16 (Anderson).  Lucero responded that, although he has been a party to several lawsuits in the past, all the lawsuits have reached a resolution and could not provide any additional income.  See Tr. 13:5-14:1 (Court, Sanchez).

## LAW REGARDING AWARDS OF COSTS

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that, "unless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorney's fees -- should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  " Rule 54 creates a presumption that the district court will award costs to the prevailing party." Cantrell v. Int'l Bd. of Elec. Workers, AFL-CIO, Local 21, 69 F.3d 456, 458-59 (10th Cir. 1995).  A district court "must provide a valid reason for not awarding costs to a prevailing party."  Cantrell v. Int'l Bd. of Elec. Workers, AFL-CIO, Local 21, 69 F.3d at 458-59.

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

The Tenth Circuit has discussed the following bases for denying an award of costs:

> We have discussed the circumstances in which a district court may properly exercise its discretion under Rule 54(d) to deny costs to a prevailing party. We have held that it is not an abuse of discretion for a district court to refuse to award costs to a party that was only partially successful. Other circuits have held that district courts did not abuse their discretion when they refused to award costs to prevailing parties who were obstructive and acted in bad faith during the course of the litigation. Courts have also held that it was not an abuse of discretion for district courts to deny costs when damages were only nominal or the nonprevailing party was indigent. The Sixth Circuit has similarly held that a district court may deny a motion for costs if the costs are unreasonably high or unnecessary, a prevailing party's recovery is insignificant, or the issues are close and difficult.

Cantrell v. Int'l Bd. of Elec. Workers, AFL-CIO, Local 21, 69 F.3d at 459 (citations omitted). To support the denial of an award of costs on the grounds of indigence, the losing party must show an inability to pay by providing documentation of its finances. See Chapman v. Al Transport, 229 F.3d 1012, 1038-39 (11th Cir. 2000)("If a district court in determining the amount of costs to award chooses to consider the non-prevailing party's financial status, it should require substantial documentation of a true inability to pay."); Corder v. Lucent Tech. Inc., 162 F.3d 924, 929 (7th Cir. 1998)("As for Corder's claim of indigence, it was up to her to provide evidence of her inability to pay sufficient to overcome the presumption that Lucent was entitled to its costs."); A.D. v. Deere & Co., 229 F.R.D. 189, 192 (D.N.M. 2004)(Browning, J.)("Such a showing can be made upon providing actual documentation of the inability to pay.").

Nevertheless, "the denial of costs is 'in the nature of a severe penalty,' and 'there must be some apparent reason to penalize the prevailing party if costs are to be denied.'" Rodriguez v. Whiting Farms Inc., 360 F.3d 1180, 1190 (10th Cir. 2004). Accord Klein v. Grynberg, 44 F.3d 1497, 1507 (10th Cir. 1995)("To deny them costs would be in the nature of a severe penalty imposed upon them, and there must be some apparent reason to penalize the prevailing party if costs are to be denied."). As the Tenth Circuit has discussed:

> The district court concluded that the plaintiffs were indigent, and that the case did present a "close and difficult question." The court nevertheless concluded there was no reason "defendants should be penalized by reducing the award of costs." Other circuits have recognized that the indigent status of the non-prevailing party and the presentation of issues that are close and difficult are both "circumstances in which a district court may properly exercise its discretion under Rule 54(d) to deny costs to a prevailing party." However, as the district court noted, the denial of costs is "in the nature of a severe penalty," and "there must be some apparent reason to penalize the prevailing party if costs are to be denied." The burden is on Rodriguez and Gomez, and they have not offered any reason why Whiting Farms should be penalized in this case. It was not an abuse of the court's discretion to award costs to Whiting Farms as the prevailing party.

Rodriguez v. Whiting Farms Inc., 360 F.3d at 1190 (citations omitted).

## ANALYSIS

The Court will overrule Lucero's Objection and award BCR $2,323.47 in costs. The Court finds that Lucero has proved that he is indigent. Nevertheless, given that the Court concludes that BCR has engaged in no conduct that would suggest that an award of costs to it would be inappropriate and that the amount of costs is not particularly high, the Court concludes that it should award costs to BCR.

Lucero asserts that he is unable to pay the costs, because he lacks the financial means to do so. As the prevailing party, BCR is presumptively entitled to recover its costs. See Cantrell v. Int'l Bd. of Elec. Workers, AFL-CIO, Local 21, 69 F.3d at 458-59. Lucero may overcome this presumption, if he demonstrates that BCR should not recover the claimed costs, because awarding costs would be inequitable under the circumstances. Rodriguez v. Whiting Farms Inc., 360 F.3d 1180.

BCR does not dispute Lucero's indigence. See Tr. at 6:9-23 (Anderson). Additionally, Lucero has provided the "detailed and specific information" that the Court needs to make an informed ruling on his assertion of indigency. A.D. v. Deere and Co., 229 F.R.D. at 194. According

to his affidavit, the $2,323.47 in costs BCR requests is more than Lucero receives each month in Social Security benefits -- his sole source of income.  See Treaster v HealthSouth Corp., 505 F.Supp.2d 898, 902-03 (D. Kan. 2007)(concluding that the plaintiff was indigent when his only income was his Social Security benefits and his "expenses exceed his monthly income").  Although he owns his house, he still owes the entire value of the mortgage.  The only other assets that Lucero has available to him to pay the $2,323.47 are a fourteen-year-old car and seventy dollars.  Furthermore, Lucero stated in his affidavit that his polio continues to harm his body, which means that there is a potential that he will incur medical bills in the future.  Lucero has supplied the Court with enough information to find that he is indigent.  Nevertheless, his indigence is not extreme in that he has no assets, or has little or no monthly income.  Furthermore, the Court cannot reasonably say that the $2,323.47 in costs is an amount that is "unreasonably high or unnecessary."  Cantrell v. Int'l Bd. of Elec. Workers, AFL-CIO, Local 21, 69 F.3d at 459.  The parties litigated this case over the course of several years.  In light of that lengthy period of litigation, the costs could have been higher.

       The Court finds that BCR has not engaged in any conduct which would suggest that the Court should penalize BCR in the form of denying costs.  Conduct that would merit such a penalty would be "obstructive conduct," "act[ing] in bad faith during the course of the litigation," or seeking costs that "are unreasonably high or unnecessary."  Cantrell v. Int'l Bd. of Elec. Workers, AFL-CIO, Local 21, 69 F.3d at 459.  There were some difficult issues in the case, with Lucero managing to successfully appeal the Court's entry of judgment on his claims on mootness grounds.  See Treaster v. HealthSouth Corp., 505 F.Supp.2d at 906 ("The fact that a case presents close and difficult questions can serve as a valid basis to deny costs.").  Notably, Lucero did not appeal the Court's decision when it decided the merits of his claims under the Fair Debt Collection Practices Act, 15

U.S.C. §§ 1692a through 1692p.  He also conceded that he could not pursue a cause of action under the New Mexico Collection Agency Regulatory Act, N.M.S.A. 1978, §§ 61-18A-1 through 61-18A-32, even though he had brought such a claim.  See Feb. 28, 2012 MOO at 15 ("Lucero then stated that he concedes that he cannot maintain a cause of action under the Collection Agency Regulatory Act.").  Furthermore, the bill of costs relates mostly to "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," in an amount of $1,973.47.  Bill of Costs at 1.  Those depositions bore on the merits of the case rather than the discrete legal issue whether the case was constitutionally moot.  Moreover, Lucero would likely be asking for costs if he had prevailed.  See Treaster v. HealthSouth Corp., 505 F.Supp.2d at 907 ("This case was aggressively litigated by both sets of attorneys, and plaintiff's counsel may have taken a similar approach to costs if plaintiff had prevailed at trial.  Consequently, the court will not deny defendant his costs.").

      As Lucero acknowledges, he has been a party to various lawsuits in the past.  If this case were Lucero's first experience with the litigation process, there would be a stronger argument that awarding costs against him would be inequitable.  He could plausibly argue that he has no familiarity with the legal system, which, when coupled with his limited financial resources, might support a denial of an award of costs.  In light of the presumption in favor of awarding costs, and the lack of any clear reason to deny BCR an award of costs, the Court concludes that it is appropriate to have Lucero pay the costs for this litigation.  Every litigant, particularly those who already have experience with the litigation process, ought to be mindful of the prospect that they may lose a case they pursue, or a case that he or she chooses to defend.  His indigence is not so severe that it would constitute an undue hardship to award costs against him.

      At the hearing on June 26, 2012, Lucero argued that BCR cannot garnish his Social Security benefits such that awarding costs against him would be futile.  Whether BCR is able to collect its

award of costs is a separate matter from awarding costs.  Lucero may raise any defenses he has to the collection of costs when BCR seeks to enforce the award of costs.  Lastly, Lucero has not disputed the amount of costs BCR requests.  See Objection at 1-3.

**IT IS ORDERED** that the Plaintiff's Objection to Cost Bill, filed April 20, 2012 (Doc. 82), is overruled.  The Court will award costs in the amount of $2,323.47 to Defendant Bureau of Collection Recovery, Inc. against Plaintiff Richard Lucero.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Alfred M. Sanchez
Law Offices of Alfred M. Sanchez
Albuquerque, New Mexico

-- and --

John M. Wells
Law Offices of John M. Wells, P.A.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Jennifer G. Anderson
Zachary R. Cormier
Modrall Sperling Roehl Harris & Sisk, P.A.
Albuquerque, New Mexico

    *Attorneys for the Defendant*